Opinion delivered June 16, 1888.

---

### No. 6145.

### LEE ANDERSON v. THE STATE.

THEFT—VOLUNTARY RETURN OF STOLEN PROPERTY—CHARGE OF THE COURT—FACT CASE.—See the opinion and the statement of the case for evidence in a theft case whereunder it is *held* that the trial court erred in refusing to give in charge to the jury the law applicable to the vol-

untary return of stolen property before prosecution. Note also, that, failing to establish a fraudulent intent, and resting alone upon recent possession, without proving the falsity of the accused's explanation of his possession, the evidence fails to support the conviction.

APPEAL from the District Court of McCulloch. Tried below before the Hon. J. C. Randolph.

This conviction, a term of five years in the penitentiary being the penalty assessed against the appellant, was for the theft of a bay mare pony, the property of Miss Alice McLenon, in McCulloch county, Texas, on the thirtieth day of March, 1887.

Miss Alice McLenon testified, for the State, that she bought the mare mentioned in the indictment from the defendant in October, 1886. The animal remained about witness's father's house until some time in February or March, 1887. She was gone about three weeks, when she was brought back by Willie Taylor. She was brought back by Taylor after witness's brother hunted for and learned that she was in the defendant's neighborhood. The mare was not taken with the consent of the witness.

Neal Step testified, for the State, that he knew the mare described in the indictment, both before and after defendant sold her to Miss McLenon. Late in February, or early in March, 1887, defendant rode that mare into witness's sheep camp, which was about three miles from where Miss McLenon lived, and about six miles from where defendant lived. Defendant did not claim the mare, but said that he had taken her up for the Taylors—that Willie Taylor had told him to take her up. Witness afterwards learned that Miss McLenon had lost her mare, and he told her brother, A. H. McLenon, about defendant riding into and away from his sheep camp.

George Brown testified, for the State, that he saw the mare in the defendant's possession in March, 1887. Defendant did not claim the mare, but said, in reply to a question by witness, that he got her from Willie Taylor. He then said that he got her from the uncle of Willie Taylor, who lived in Kimble county.

A. H. McLenon, Miss Alice McLenon's brother, testified that when the mare disappeared in February, 1887, he went to hunt for her for his sister. He heard of the animal in the defendant's neighborhood, but failed to find her. He then met Mr. Step, who told him that he had recently seen the animal in the possession of the defendant. Witness then found defendant and told

him that he had heard he had Miss Alice's mare, and that he, witness, would hold him, defendant, responsible for the mare. Defendant replied: "Of course; of course." He afterwards told the witness that he took the mare up for the uncle of Willie Taylor, who lived in Kimble county. The mare was brought to witness's father's house on the next day. The mare was branded J5 on the left shoulder, and SAX on the left thigh.

The State closed.

Buck Taylor, a cousin of the defendant and of Willie Taylor, testified, for the defense, that, in the summer of 1887, he saw a letter from Willie Taylor to his uncle. Witness replied to that letter, and told Willie Taylor to take up for his uncle any horse stock in the J5 and X brand.

Tom Anderson testified, for the defense, that he heard the defendant tell Willie Taylor that he knew where there was a dark or brown bay mare branded J5 on the shoulder and X on the thigh. Willie told defendant to take her up for him, as his uncle in Kimble county gave that brand. Witness also saw the letter mentioned by Buck Taylor. He afterwards saw the mare in possession of the defendant, but never heard him claim her.

No brief for the appellant has reached the hands of the Reporters.

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE. This conviction is clearly against the evidence and the charge of the court. When the defendant was found in possession of the alleged stolen mare, he gave a reasonable explanation of his possession, and on the trial proved said explanation to be true. He took possession of the mare for and at the instance of another person, said mare being in the brand of such other person. He took, kept and used the mare publicly, and asserted no claim to her, but claimed her for the person who had authorized him to take her up off the range. Instead of a fraudulent intent on the part of the defendant in taking the mare being shown, the evidence clearly disproves such intent.

The court erred in overruling the defendant's motion for a new trial, not only because the evidence was insufficient to warrant conviction, but because the court erred in refusing to give the special instruction requested by the defendant as to the voluntary return of the mare to the owner before any prosecution for

the theft of such mare had been instituted. Such charge was demanded by the evidence.

Because of the errors mentioned, and because the conviction is without evidence to support it, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*